

# In the United States Court of Federal Claims

No. 16-1279C
(Filed January 30, 2017)
NOT FOR PUBLICATION

FILED
JAN 3 0 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
RONALD-ROBERT HADDAD,                       *
                                            *
              Plaintiff,                    *
       v.                                   *
                                            *
THE UNITED STATES,                          *
                                            *
              Defendant.                    *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

This is the fifth in a series of cases filed in our court by plantiff Ronald Haddad, concerning alleged violations of law in connection with his conviction of federal crimes in a U.S. district court, and with his efforts to challenge that conviction in the district court and the Seventh Circuit. While the list of names of the individuals he purports to be suing grows with each filing, this cannot change the simple truth that our court does not have the power to hear a case brought against the United States for the matters about which he complains.

Mister Haddad once again has filed without prepayment of the filing fee, and seeks *in forma pauperis* status. The Supreme Court has made it clear that inmates must be assessed the filing fee, to be paid in installments, for each complaint they file in federal court. *See Bruce v. Samuels*, 136 S. Ct. 627, 629–33 (2016) (construing 28 U.S.C. § 1915). But because the matters alleged by Mr. Haddad could charitably be considered attempts to amend or supplement his prior pleadings concerning these individuals and actions (to the extent they are not merely duplicative), the Court will waive the requirement that Mr. Haddad pay a filing fee.

Plaintiff's motion for a default judgment, based on the failure of individuals to respond to his arbitrarily-imposed deadlines, is **DENIED** as frivolous. Defendant's motion to dismiss this case for lack of subject-matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), is **GRANTED**. Mister Haddad is collaterally estopped from attempts to claim our court's jurisdiction over his disputes regarding the district court and Seventh

Circuit proceedings, due to the two prior opinions of this Court, *Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933 (Fed. Cl. Nov. 30, 2015), and *Haddad v. United States*, No. 15-1075C, 2016 WL 5660266 (Fed. Cl. Sept. 30, 2016). *See Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988); *Chisolm v. United States*, 82 Fed. Cl. 185, 194 (2008).

    Moreover, the Court notes that Mr. Haddad failed to respond to the motion to dismiss this case, which would also warrant dismissal under RCFC 41(b) for failure to prosecute. *See, e.g., Driver v. United States*, No. 15-607C, 2015 WL 5684284, at *1 (Fed. Cl. Sept. 28, 2015). Reviewing the complaint, plaintiff has still failed to identify a money-mandating source for our court's jurisdiction. *See United States v. Testan*, 424 U.S. 392, 398 (1976); 28 U.S.C. § 1491. And Mr. Haddad cannot avoid the doctrines that our Court lacks jurisdiction to review the proceedings of district courts, *see Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994), or the decisions of federal appellate courts, *see Bafford v. United States*, No. 09–030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009), or criminal law matters, *see Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013); *see also Stanwyck v. United States*, 127 Fed. Cl. 308, 313–15 (2016). For all of these reasons, this case must be dismissed for lack of subject-matter jurisdiction.

    Even if everything Mr. Haddad alleges is true, our court can do nothing about it --- as we have not been given the authority by Congress to address such matters. Accordingly, the government's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

*[signature]*

VICTOR J. WOLSKI
Judge